# Harris v. The State.

*Indictment for Larceny of Part of Growing Crop.*

1. *Statement of time in indictment* —In an indictment, found in April, 1876, for the larceny of part of a growing crop, it is not necessary to allege that the offense was committed after the passage of the act (February 20, 1875) creating and punishing such offense.

2. *Ownership of stolen property; variance between averment and proof.*—Under an indictment for the statutory offense of larceny of part of a growing crop (Code of 1876, § 4358), if the ownership of the crop is laid in one person, a conviction can not be had on proof that it belonged to him and another person jointly: the statute (*1b.* § 4800) in reference to the averment and proof of ownership of "personal property," in criminal cases, does not apply to such an indictment, since a growing crop is not personal property.

FROM the Circuit Court of Hale.

Tried before the Hon. GEORGE H. CRAIG.

The indictment in this case, which was found in April, 1876, contained but a single count, which charged that the defendant "feloniously took and carried away a part of an outstanding crop of corn, the property of Pleasant W. K. Stringfellow." "On the trial," as the bill of exceptions states, "the State introduced evidence tending to show that, within twelve months before the finding of the indictment, and in said county of Hale, the defendant did steal a part of an outstanding crop of corn, which belonged jointly to P. W. K. Stringfellow and one Daniel Gee. The proof showed that the land belonged to certain heirs, of whom said Stringfellow's wife was one; but said Stringfellow occupied the land, and farmed on shares with the said Daniel Gee. This was all the evidence in the cause; and the court thereupon charged the jury," in effect, that a conviction might be had on this proof, and that the variance was immaterial. The defendant excepted to this charge, and requested the court to instruct the jury, "that, if they believed the evidence, they

must find the defendant not guilty ; " which charge the court refused to give, and the defendant excepted to its refusal.

THOS. J. SEAY, for the defendant, contended, 1st, that the variance between the averment and proof of ownership was not cured by the statute (Code of 1876, § 4800), which applies only to " personal property," and does not include a growing crop, which is a part of the realty ; and, 2d, that the indictment is fatally defective, in not alleging that the offense was committed after the 20th February, 1875.

JOHN W. A. SANFORD, Attorney-General, for the State.

STONE, J.—The present indictment is framed under the amendment of section 3706, Rev. Code, found on page 260, Acts of 1874-5 ; Code of 1876, § 4358.   The indictment pursues the statute strictly, and is sufficient.  This statute created a new offense, of very high grade, out of an act which, by the common law, was only a trespass.   Growing or outstanding crops are part of the freehold, and, before this statute, were not the subject of larceny ; which consisted of feloniously taking and carrying away the personal goods of another.—4 Black. Com. 229, 232.

2.  At common law, it was necessary that the proof of the ownership of property, alleged to be stolen, should correspond with the averment in the indictment.—2 Bish. Cr. Proc. § 722 ; *Parmer v. The State*, 41 Ala. 418 ; *Davis v. The State*, 17 Ala. 415.   Section 4800, Code of 1876, declares that, " when any personal property, upon or in relation to which the offense was committed, belongs to several partners or owners, it is sufficient to allege the ownership to be in any one or more of such partners or owners."   This statute relates to personal property ; and, as we have shown above, an outstanding crop is not personal property.   The statute has no application to the present case.

The variance between the indictment and proof was such a misdescription of a material matter therein stated, as to require an acquittal on the indictment as now framed.—See Code of 1876, §§ 4816-7.

Reversed and remanded.   Let the prisoner remain in custody, until discharged by due course of law.