# Johnson v. The State.

### Indictment for the Burglary of a Railroad Car.

1. *Burglary; ownership of property.*—An indictment charging that the defendant "with intent to steal, broke into a car, the property of the Alabama Mineral Railroad Company," is not sustained, and a conviction can not be had, when the evidence shows that the car broken into was not the property of the railroad company as averred in the indictment, although it was, at the time, standing on the track of said company, and was in its custody.

APPEAL from the City Court of Anniston.
Tried before the Hon. JAMES W. LAPSLEY.

The appellant was tried and convicted under an indictment, which charged that he, "with intent to steal, broke into and entered a railroad car, the property of the Alabama Mineral Railroad Company, a corporation under the laws of the State of Alabama."

On the trial of the cause, as is shown by the bill of exceptions, the evidence introduced for the State tended to show that the defendant broke into a railroad car that was standing upon the track of, and was in possession of, the Alabama Mineral Railroad Company, but which was the property of the Louisville & Nashville Railroad Company, and there was evidence tending to show that

the articles which were shipped in said car were taken therefrom.

Mr. Knox, the superintendent of the Alabama Mineral Railroad Company, as a witness, testified that the Alabama Mineral Railroad Company did own the tracks, but owned no cars at the time the burglary was alleged to have been committed ; that the shares of stock in the Alabama Mineral Railroad Company had been purchased and were owned by the Louisville & Nashville Railroad Company ; that the Louisville & Nashville Railroad Company operated the road belonging to the Alabama Mineral Railroad Company and the expenses of operating the latter road were charged to the Alabama Mineral division of the Louisville & Nashville Railroad Company, and that while the Alabama Mineral Railroad Company owned the tracks, it did not, at the time of the alleged burglary, own any cars.

The defendant requested the court to give to the jury the following written charges, and separately excepted to the court's refusal to give each of them as asked : (1.) "If the jury believe the evidence, they must find the defendant not guilty." (2.) "If the jury believe that the track was the property of the Alabama Mineral Railroad Company, and the evidence shows that the Louisville & Nashville Railroad Company was operating said road, and it was a car of the Louisville & Nashville Railroad Company, then the defendant must be acquitted "

E. H. HANNA, for appellant.—The ownership of the car alleged to have been burglarized must be alleged and must be proved as alleged.—*Johnson v. State,* 73 Ala. 483 ; *Graves v. State,* 63 Ala. 134.

WILLIAM C. FITTS, Attorney-General, for the State. The general ownership of the car may have been in the L. & N. R. R. Co., but certainly a special ownership was, at the time, in the Alabama Mineral Railroad, which was using the car in the dispatch of its business ; and the ownership could be rightly laid in the special owner. The case of *Johnson v. State,* 73 Ala. 485, is not contrary to this view. The case of the *State of Nevada v. Parker,* 16 Nev. 79, is directly in point. See also *Markham v. State,* 25 Ga. 52.

[Bracken v. The State.]

HEAD, J.—Considered with reference to the evidence of Knox, the second charge requested by the defendant ought to have been given. If the testimony of Knox was accepted by the jury as true, there was a failure to establish the averment of ownership as contained in the indictment. There was, in such case, neither property, general or special, in, nor possession of, the car in the Alabama Mineral Railroad Company.

We suggest, that in cases like this, where there is doubt as to the ownership of property, the subject of a crime, the pleader may obviate all difficulty by alleging, in the indictment, several ownerships, *in the alternative*, in the same count, or by introducing several counts with the varying allegations of ownership.

There was conflict in the evidence, and the general charge was properly refused.

Reversed and remanded. Let the defendant remain in custody until discharged by due course of law.

