# Kirby *v.* The State.

*Indictment for Grand Larceny.*

1. *Evidence; when general objection properly overruled.*—The motion to exclude all the evidence of a witness, upon the ground that it was illegal and irrelevant, is properly overruled, when some of the testimony of such witness was legal and relevant.

2. *Larceny; when motion to exclude evidence on the ground of variance properly overruled.*—On a trial under an indictment for larceny, where the defendant moves to exclude the testimony tending to show his guilt, upon the ground that there was a variance in the name of the owner of the property alleged to have been stolen, as alleged in the indictment and as shown by the proof, and the bill of exceptions recites that the court, after inspecting the indictment and hearing the testimony of the solicitor, ruled that there was no such variance, and neither the original indictment nor the authenticated facsimile thereof is certified to the Supreme Court on appeal, the ruling of the trial court in refusing to exclude the testimony will not be reviewed.

3. *Larceny; charge as to ownership of property.*—On a trial under an indictment for the larceny of bed clothes, where the ownership of the property stolen is laid in the husband, who testifies that said property was his, and his wife testifies that she made the bed clothes for the family, but the evidence shows that at the time of the larceny they were in the possession of the husband, a charge is properly refused which instructs the jury that if they "have a reasonable doubt from all the evidence whether the property alleged to have been stolen was the property of S. P. Sarratt or his wife's property, then the jury should give the defendant the benefit of such doubt and acquit him."

APPEAL from the Circuit Court of Cherokee.
Tried before the Hon. J. A. BILBRO.

The appellant in this case, Joe Kirby, was indicted, tried and convicted for the larceny from a dwelling house of four bed quilts and one bed blanket, and was sentenced to the penitentiary for five years.

In the indictment as copied in the transcript on this appeal, the ownership of the property alleged to have been stolen was laid in S. P. Sarratt.

·On the trial of the case, S. P. Sarratt testified as a witness for the State that he was the owner of the property alleged to have been stolen; that the quilts and blanket were kept at his farm house in Cherokee county; that they were found in the possesion of the defendant at the latter's house. This witness further testified that his name was "S. P. Sarratt" and that he had never been known or called by the name of "S. P. Sanatt." The defendant moved the court to exclude all the evidence of S. P. Sarratt, upon the following grounds: "Because the same is illegal, irrelevant and immaterial, illegal and incompetent and because the defendant was charged with stealing the quilts from Sanatt, and the evidence showed that said articles were taken from Simon P. Sarratt." The other facts of the case are stated in the opinion.

The defendant requested the court to give the jury the following written charges, and separately excepted to the court's refusal to give each of them as asked: (1.) "A married woman is capable of owning title to and in personal property in the State of Alabama in her own right." (2.) "If the jury have a reasonable doubt from all the evidence whether the property alleged to have been stolen was the property of S. P. Sarratt or his wife's property, then the jury should give the defendant the benefit of such doubt and acquit him." (3.) The court charges the jury that it is a question of fact for the determination of the jury whether the name of the owner, alleged in the indictment, of the quilts and blanket is S. P. Sanatt or S. P. Sarratt." (4.) "If the jury find the name of the owner of the quilts and blanket

alleged in the indictmént to be S. P. Sanatt and not S. P. Sarratt, then the jury cannot convict the defendant."

No counsel marked as appearing for appellant.

MASSEY WILSON, Attorney-General, for the State.

HARALSON, J.—There was no error in refusing to exclude the evidence of .the witness Sarratt, on the ground that it was illegal and irrelevant, and because the defendant,—employing the language of the objection,—"was charged with stealing the quilts from Sanatt, and the evidence showed that the articles were taken from Simon P. Sarratt." If there was any illegality or irrelevancy in the witness' evidence, it was not all subject to such objection, for most of it was legal and relevant. The motion went to the exclusion of all of it on those two grounds, and was, as for these, properly overruled. The court was not bound to separate the good from the bad, if any of it was subject to the objection interposed.—*Lowe v. State,* 88 Ala. 8.

As to the other ground, there was no error in overruling it. The court inspected the indictment, which has not been certified here for our inspection, and the solicitor who wrote it, testified that the name of the owner of the property stolen was written S. P. Sarratt and not S. P. Sanatt. The court after inspecting the paper, so ruled. This court will not review such ruling in the absence of the original or a facsimile thereof properly authenticated.—*Bodine v. State,* 129 Ala. 106.

S. P. Sarratt testified that at the time the offense was committed he was living at Alabama City; that when he moved to that place a year before the property was taken, he left at his home in Cherokee county, Alabama, among other things, the four quilts and blanket,—which are charged to have been stolen,—for his bed on his farm; that he often returned there to attend to his business, and would remain a short time; that in July or March, 1901, he missed these articles out of his house on the farm, and they were found in the house of defendant, near the witness' house, in said county; that the quilts and blanket were the property of the witness.

Mrs. Sarratt, the wife of S. P. Sarratt, testified that she made the quilts and blanket alleged to have been stolen from S. P. Sarratt, after she married him, and that they were her property. She stated, also, "they are also my husband's property, for what is mine is his, and what is his is mine. I made the quilts for the family."

Charge 1 requested by defendant and refused, states a mere abstract legal principle, in the nature of an argument, which the court was not bound to give.

Refused charge 2 was misleading, and there was no error in refusing it on that account. Under it the jury might have found the property to be that of the wife of S. P. Sarratt, and yet that her said husband had such possession of it as made it his property for all the purposes of the indictment.—*Morningstar v. State*, 52 Ala. 405; 3 Greenleaf on Evidence, § 161.

The other refused charges 3 and 4, after what has been said in other connections, need not be considered.

Affirmed.