# Cox *v.* The State.

### *Larceny.*

Decided Nov. 23, 1911.　56 South. 775.)

*Larceny; Nature and Element.*—Where one sells personal property belonging to another to an innocent purchaser who without criminal intent takes it from the possession of the owner, the one selling such property may be convicted of larceny thereof.

APPEAL from Clarke County Court.

Heard before Hon. THOMAS W. DAVIS.

Charley Cox was convicted of larceny and he appeals. Affirmed.

J. F. ALDRIDGE, and T. J. BEDSOLE, for appellant. Larceny involves three propositions: 1st, the taking from possession or control; 2nd, carrying away against the will of the owner, and 3rd, felonious intent to convert. The evidence in this case fails to establish some of these essential elements, in that it fails to show a taking and carrying away.—*Spivey v. The State,* 26 Ala. 90; *Green's Case,* 68 Aia. 539; *Edmond's Case,* 70 Ala. 8; *Morrisette v. The State,* 77 Ala. 71; 85 Ala. 17; 105 Ala. 18.

ROBERT C. BRICKELL, Attorney General, and WILLIAM L. MARTIN, Assistant Attorney General, for the State. Under the facts in this case the defendant may be convicted of larceny.—*Washington v. The State*, 106 Ala. 58. Evidence also warrant finding of a conspiracy, and this was a question for the jury.—*Ex parte Bonner*, 100 Ala. 114. On the question of whether or not a conspiracy existed, and as to its elements, counsel cite *Martin v. The State*, 89 Ala. 115; *Gibson v. The State*, 89 Ala. 121; *Tanner v. The State*, 91 Ala. 1.

WALKER, P. J.—There was evidence tending to show that the defendant sold the rock, with the larceny of which he was charged, to one Andrew Law, who, in innnocence of any criminal purpose in reference to it, removed it from the place where the owner had it. Larceny may be committed by a sale of personal property belonging to another to an innocent purchaser, the latter taking it from the possession of the owner.—25 Cyc. 58; *Walls v. State*, 43 Tex. Cr. R. 70, 63 S. W. 328; *Washington v. State*, 106 Ala. 58, 17 South. 546. With this evidence in the case, the court was not in error in overruling the motion to exclude the testimony offered by the state, nor in refusing to give the affirmative charge in his behalf requested by the defendant.

Affirmed.