(90 South. 52)

### MATTHEWS v. STATE.   (8 Div. 836.)

(Court of Appeals of Alabama.   June 21, 1921.)

**1. Larceny ⬤⟲40(2)—Possession and ownership alleged in indictment must be proven.**

An allegation in an indictment for larceny as to possession and ownership must be met by proof.

**2. Larceny ⬤⟲68(1)—Where averments in an indictment were not proven, affirmative charge proper.**

Where an indictment contained an averment that the car from which the goods were stolen was property of the Southern Railway Company, but the proof showed the car to be owned by the Chicago & Northwestern Railway, an affirmative charge should have been given.

**3. Criminal law ⬤⟲778(3)—Refusal to charge on presumption of innocence error.**

Refusal to charge that the presumption of innocence attends the accused until overcome by evidence and he is shown beyond a reasonable doubt to be guilty is error.

Appeal from Circuit Court, Colbert County; C. P. Almon, Judge.

Richard, alias Dick, Matthews, was indicted for burglary and grand larceny, convicted of grand larceny, and he appeals. Reversed and remanded.

The following is the indictment:

"(1) The grand jury of said county charge that before the finding of this indictment that Richard Matthews, alias Dick Matthews, and Will Avery with intent to steal broke into and entered a railroad car upon or connected with the Southern Railway Company, a corporation, in the state of Alabama, and in Colbert county, in which goods, merchandise, and overalls, valuable things, were kept for use, deposit, or transportation as freight.

"(2) Grand jury of said county charge that before the finding of this indictment Richard Matthews, alias Dick Matthews, and Will Avery broke into and entered a railroad car upon or connected with the Southern Railway Company, a corporation, in which goods and merchandise, valuable things, were kept for use, deposit, or transportation as freight.

"(3) Grand jury of said county further charge that before the finding of this indictment Richard Matthews, alias Dick Matthews, and Will Avery feloniously took and carried away from a railroad car of the Southern Railway Company, a corporation, which car was used for transportation of freight, about 50 dozen pairs of overalls of the value of $1,500, the personal property of the Southern Railway Company, a corporation.

"(4) The grand jury of said county further charge that before the finding of this indictment that Richard Matthews, alias Dick Matthews, and Will Avery feloniously took and carried away from a railroad car of the Southern Railway Company, a corporation, about 50 dozen pairs of overalls of the value of $1,500 which said property was in the possession of the Southern Railway Company, a corporation, and being transported by said Southern Railway Company, a corporation, as freight, against the peace and dignity of the state of Alabama."

The following are the charges refused to the defendant:

(3) Affirmative charge as to the third count.

(4) Affirmative charge as to the fourth count.

"(5) I charge you, gentlemen, that the fact that Dick Matthews, the defendant, was accused of and was arrested for breaking into and stealing from the car testified about, and the fact that the grand jury found an indictment against him in this case, are not facts or circumstances to which you are allowed to look in this case, in considering the case, and I charge you that the indictment is neither a circumstance in law or fact showing or tending to show that the defendant is guilty of the charge, and I further charge you that Dick Matthews, the defendant, is presumed by the law of Alabama not to have broken into or stole from the car, and that presumption goes with him to your verdict unless the evidence convinces you beyond a reasonable doubt and to a moral certainty of the truth of every element necessary to show guilt."

Travis Williams, of Russellville, for appellant.

Counsel discuss the various assignments of error, but without citation of authority.

Harwell G. Davis, Atty. Gen., and Lamar Field, Asst. Atty. Gen., for the State.

Counsel discuss the various assignments of error, but without citation of authority.

BRICKEN, P. J.   The indictment contained four counts, which will be set out by the reporter.

[1] Upon the request of the defendant in writing, the court gave the affirmative charge as to counts 1 and 2 of the indictment, and stated as the reasons therefor in his oral charge to the jury that—

"The defendant has asked what is known as the general charge on two counts in the indictment, and the court has given you those charges. That will eliminate from you the first two counts, the two counts on burglary. The court did that because the indictment alleges that the car was upon and connected with the Southern Railway Company. Now, in giving you those two charges the court is of the opinion that the proof shows that track there and the land that the trackage is on, or the title to it, is the Northern Alabama Railway Company, and that they are two different corporations; and the court gave you those charges, because in the opinion of the court the car was on the track of the Northern Alabama Railway Company instead of the Southern."

In this connection we think the action of the court and the reasons therefor were

correct and in point, for the reason that the allegations in the indictment as to the possession and ownership of the car was not met by the proof adduced upon the trial which is necessary.

[2] For the same reasons, however, the affirmative charges as to counts 3 and 4 should have been given. These two counts contained the unnecessary averment that the larceny complained of was from a railroad car the property of the Southern Railway Company, a corporation. The alleged value of the stolen goods having been stated at $25 or more, the averment as to the particular place and the ownership thereof in which the alleged larceny was committed was unnecessary, but, having been so alleged, it must have been proven as alleged, and no such evidence was adduced upon this trial. To the contrary, the undisputed evidence in this case shows that the car from which the alleged larceny was committed was car No. 39226, and was the property of the Chicago & Northwestern Railroad Company. It therefore affirmatively appears there was no evidence whatever to sustain the averment of ownership in the Southern Railway Company, either general or special, of the car in question, and, as the court properly held, the evidence failed to show the possession of same by the Southern Railway Company. As bailee of the alleged stolen property, the ownership thereof was properly laid in the Southern Railway Company, but, having assumed the burden by alleging in the indictment that the car from which the property is alleged to have been stolen was the property also of the Southern Railway Company, under the elementary rules of evidence it was necessary to offer proof to sustain such averment. Johnson v. State, 73 Ala. 483; Johnson v. State, 111 Ala. 66, 20 South. 590.

We are of the opinion, therefore, that the court erred in refusing to give charges 3 and 4 requested by defendant.

[3] Charge 5 should also have been given, as it states a correct proposition of law. The mere fact that the defendant was accused of and arrested for the alleged offense, and the further fact that the grand jury found an indictment against him therefor, were not facts or circumstances to which the jury were allowed to look in considering the guilt or innocence of the defendant, nor was the accusation, arrest, or indictment circumstances in law or in fact showing or tending to show that the defendant was guilty of the offense charged. These things were merely the authorized procedure by which an accused may be put upon trial, and are in no sense facts or circumstances from which it may be judged that he is guilty. And the presumption of innocence, evidentiary in its nature, under all the rules of law, attends the accused throughout the trial and until the presumption is overcome by the evidence in the case, and until it is shown beyond a reasonable doubt and to a moral certainty that the presumption must fall and that the defendant is guilty. These are the propositions of law contained in refused charge 5, and are correct statements of the law, and the principles involved were not covered by the oral charge of the court or by the charges given at request of parties.

For the errors designated, the judgment of the lower court is reversed, and the cause remanded.

Reversed and remanded.

---

&#9758;For other cases see same topic and KEY-NUMBER in all Key-Numbered Digests and Indexes