(118 So. 768)

PRESWOOD v. STATE.    (2 Div. 421.)

Court of Appeals of Alabama.   Nov. 20, 1928.

Thos. F. Seale, of Livingston, for appellant.

Charlie C. McCall, Atty. Gen., for the state.

Brief did not reach the Reporter.

SAMFORD, J. Under one phase of this case, according to the testimony of the state's witnesses and the inferences to be drawn from the testimony, C. B. Nixon was the owner of the two animals of the cow kind described in the indictment. These cows had been for some months grazing in a pasture owned by Mr. Seale, which pasture was in the care of this defendant. On a day in May, 1926, the defendant sold the two cows to Mr. Witt, who butchered them, one one day, the other another. All of this happened in Sumter county and within three years from the finding of the indictment.

■■ Under the above facts, the two cows were in the constructive possession of C. B. Nixon, and the fact that they were in a pasture not belonging to Nixon, but under the control of defendant, is no defense to this prosecution. The defendant had no interest in the cows, no right to the possession, and, when he sold the cows to Witt and Witt assumed control over them to the exclusion of the rights of the true owner, the act constituted larceny on the part of defendant, although Witt was entirely honest in all of his dealings. 36 Corpus Juris, p. 757, par. 79, p. 758, par. 80b.

The sale of the cows to Witt by the defendant was not the asportavit necessary to constitute a larceny, for, while the title to the cows in Nixon drew to him the possession, the defendant never had any title, and therefore he could not transfer title to Witt. If defendant had agreed to sell the cows to Witt, had received the money for them, and Witt had never taken the cows, the transaction would never have been larceny. The larceny was complete only when Witt, acting under the agreement with defendant, actually took the cows. 36 Corpus Juris, 797, par. 213 (b); Cox v. State, 2 Ala. App. 143, 56 So. 775.

■ The foregoing being the law and under the facts in this case, it follows that two separate larcenies were committed, and, both being joined in the same count of the indictment, a conviction cannot be permitted to stand. Under the statute (Code, § 4546), offenses of the same character, and subject to the same punishment, may be joined in the same count in the alternative, but, when an indictment contains but a single count, charging a single offense, and the evidence in support of it shows the commission of two separate and distinct offenses, there is a fatal variance between the probata and the allagata which precludes a conviction. The indictment is perfect in its charge, and is not subject to demurrer, nor does it present a case for an election. The reasons are fully discussed in the case of Thomas v. State, 111 Ala. 51, 20 So. 617. Upon this theory defendant was entitled to the affirmative charge.

The foregoing being the law of this case, it becomes unnecessary to pass upon the other questions presented. The judgment is reversed, and the cause is remanded.

Reversed and remanded.