(136 So. 430)

### LEDBETTER v. STATE.

8 Div. 160.

Court of Appeals of Alabama.

Aug. 4, 1931.

448

D. Isbell, of Guntersville, for appellant.

Thos. E. Knight, Jr., Atty. Gen., for the State.

BRICKEN, P. J.

Appellant was indicted for the offense of grand larceny only. The indictment contained one count, and charged that he "feloniously took and carried away 800 pounds of seed cotton, 24 sacks of peas, and 19 bales of hay, of the value of $95.00 the personal property of Joe Johnson."

It is insisted by appellant that, under the undisputed facts adduced upon this trial, the offense (if any) could not be that of grand larceny. He insists the facts in this case are without dispute that defendant (appellant) and his helpers raised the cotton, peas, and hay, alleged to have been stolen, on the land of one Joe Johnson, and that the crops were gathered by said defendant and his helpers and placed in the house and barn which were in the possession of the defendant and while he still lived on the Johnson place and had possession of the crops and the premises.

That defendant lived there and was in possession of everything, including the property alleged to have been stolen, at the time of the alleged taking.

And in supplemental brief he insists: "The undisputed evidence in this case in regard to what was done in reference to the taking and carrying away of the property alleged to have been stolen showed when construed most strongly against the defendant, that the defendant Frank Ledbetter sold the property to one Roland Pressley, and that defendant Frank Ledbetter had nothing whatever to do with the taking and carrying away or loading of said property. That Roland Pressley came to the barn and house where defendant had lived for the past year with his own truck and means of carrying away the stuff and loaded the peas and hay and the cotton in his own truck and carried it away to his, Pressley's, home. The evidence further shows without dispute that the defendant had nothing to do with the loading of said property but was not even present when the stuff was loaded, and that he certainly did not do anything in reference to the property except to agree to a sale of the property to Roland Pressley."

Reference to the bill of exceptions appears to bear out and sustain the foregoing insistences and that as to these matters there is no conflict.

To constitute larceny there must be a felonious taking and carrying away of the personal property of another with the intent to convert such property to the use of the taker or to deprive the owner thereof.

The property in this case alleged to have been stolen was part of the crops raised by defendant on rented land, and the crops had been gathered by defendant and defendant had continued in possession, all the time down to the alleged taking by defendant. Wade v. State, 14 Ala. App. 130, 72 So. 269; Kirby v. State, 139 Ala. 87, 36 So. 721; Fowler v. State, 100 Ala. 96, 14 So. 860; Preswood v. State, 22 Ala. App. 628, 118 So. 768; Underwood v. State, 72 Ala. 220; Harris v. State. 60 Ala. 50; Matthews v. State, 18 Ala. App. 222, 90 So. 52.

From the undisputed facts in this case we are of the opinion that the offense of grand larceny has not been established. It occurs to us that the statute applicable to this case is section 4925 of the Code 1923, wherein it is provided: "Any person who removes or sells any personal property for the purpose of hindering, delaying, or defrauding any person who has claim thereto, under any written instrument, lien created by law for rent or advances, or any other lawful or valid claim, verbal or written, with a knowledge of the existence thereof; or who, with like intent, buys, receives, or conceals any such property, with knowledge of the existence of any such claim, must, on conviction, be punished as if he had stolen the same."

This question is presented in every conceivable manner, and the conclusion reached ren-

ders unnecessary a discussion of the numerous other insistences of error.

Reversed and remanded.