# 344

241 So.2d 903

Tommy Lee FOSTER

v.

STATE.

6 Div. 107.

Court of Criminal Appeals of Alabama.

Jan. 12, 1971.

Turner & Turner, Tuscaloosa, for appellant.

MacDonald Gallion, Atty. Gen., and Jasper B. Roberts, Asst. Atty. Gen., for the State.

CATES, Judge.

Robbery: minimum sentence, ten years. Code 1940, T. 14, § 415.

The only point reserved which merits elaboration was in the oral charge where we find, in part:

"Now, an indictment is no evidence of the guilt of the Defendant whatsoever: An indictment is merely the vehicle by which the case in a criminal proceeding is brought into court and started on its procedure of trial, and so forth. Many of you have served on the Grand Jury, I'm sure, but 18 people compose the Grand Jury, and any charge brought against a person and presented, if it is a felony case, it must be presented to the Grand Jury. And the Grand Jury then decides whether or not—Now the Grand Jury does not decide the guilt or innocence of that person, but if they feel that it is a matter that that person is charged with, of sufficient importance and there is a possibility of his guilt to the extent they feel like it ought to be tried by a Petit Jury, they then return what is known as a true bill; it takes twelve affirmative votes to vote out an indictment, to indict a person. In this case, this Defendant was indicted, but now, I tell you again: That is no evidence of his guilt whatsoever. That Grand Jury felt that his charge was such that he should stand trial, and that his guilt or innocence should be proved, and you are the Petit Jury—you are the jury trying the facts of this case. I thought I would give you that so that some of you who might otherwise not quite understand the difference in a Grand Jury and a Petit Jury would know what the difference is."

In brief appellant cites Matthews v. State, 18 Ala.App. 222, 90 So. 52, where Bricken, P. J., said:

"* * * The mere fact that the defendant was accused of and arrested for the alleged offense, and the further fact that the grand jury found an indictment against him therefor, were not facts or circumstances to which the jury were allowed to look in considering the guilt or innocence of the defendant, nor was the accusation, arrest, or indictment circumstances in law or in fact showing or tending to show that the defendant was guilty of the offense charged. These things were merely the authorized procedure by which an accused may be put upon trial, and are in no sense facts or circumstances from which it may be judged that he is guilty. And the presumption of innocence, evidentiary in its nature, under all the rules of law, attends the accused throughout the trial and until the presumption is overcome by the evidence in the case, and until it is shown beyond a reasonable doubt and to a moral certainty that the presumption must fall and that the defendant is guilty. * * *."

However, in *Matthews,* supra, the quoted language was evoked by the refusal of a charge (#5) which stated that the indictment was not a circumstance of guilt.

We distinguish this case from *Matthews,* supra, and consider that the trial judge did not fall into error because of the following given later in the charge:

"Now, when the Defendant files a plea of not guilty, and that was the plea filed in this case, that immediately puts the burden upon the State of Alabama to prove beyond a reasonable doubt to you gentlemen, that this Defendant is guilty. This burden rests upon the State from the time that the defendant walks into this courtroom, and he is clothed with this cloak of innocence, and that follows him all the way through the trial until the time that you, the jury, reach a verdict. And that is the time the cloak

is removed; he is either found innocent, or he is found guilty, but he is clothed with that cloak of innocence, and I am—Under the law, have the duty to so charge you.

"* * * Now, as I said before, the Defendant is presumed to be innocent until he is proven guilty. * * *."

We have examined the entire record as required by Code 1940, T. 15, § 389, and consider the judgment below is due to be

Affirmed.