[EDITORS' NOTE: THIS PAGE CONTAINS HEADNOTES. HEADNOTES ARE NOT AN OFFICIAL PRODUCT OF THE COURT, THEREFORE THEY ARE NOT DISPLAYED.] *Page 784 
The appellant was convicted for a willful violation of the fraud provisions of Section 1 of the Securities Act of Alabama, Acts 1959, p. 1318, Act No. 542 (Code of Alabama 1940, Recompiled 1958, 1973 Cum.Supp., Title 53, § 28). The jury assessed a fine of five thousand dollars, and the trial court imposed a sentence of imprisonment in the penitentiary for eighteen months.
On this appeal there are four issues presented for reversing the judgment of conviction: (1) The trial court erred in charging the jury that innocent mistake may support a criminal conviction for fraud; (2) the trial court denied the appellant's constitutional rights in prohibiting defense counsel from arguing the law of the case to the jury; (3) questions propounded by the state to defense witnesses assumed unproved facts and constitute reversible error; and (4) a new trial is required because the grand jury which indicted the appellant and the petit jury which convicted him were selected in an unconstitutional manner.
This court has treated the factual context of this case inManson v. State, Ala.Cr.App., 349 So.2d 67 (1977). That case contains a lengthy and comprehensive statement of the facts and a detailed analysis of the fraud involved. Much of the evidence in both cases is identical and to the same effect. The appellant has not challenged the sufficiency of the evidence on this appeal. Neither party on appeal has set forth a detailed statement of facts. With regard to each issue we have attempted to state the operative facts. A lengthy statement of the facts, which it would of necessity be, would burden the reader and serve no purpose on this appeal. We see no manner in which it would aid the appellant in the presentation of the issues raised in appealing his conviction. Therefore we will forego a detailed statement of facts in this opinion. *Page 785 
 I
Initially the appellant charges that the trial court erred to a reversal in charging the jury that the appellant would be guilty of criminal fraud if he misrepresented a material fact upon which a party relied to his detriment even though that misrepresentation was made innocently and by mistake.
The objected to portion of the trial judge's oral charge is as follows:
 "The third prohibited act set out under the statute, to engage in any act, practice, or course of business which operates or would operate as a fraud or deceit on any person, sets out the words `fraud' or `deceit'. I would charge you that a fraud would be a false representation of a matter of fact, whether by words or by conduct, by false or misleading allegations, or by concealment of that which should have been disclosed, which deceives and is intended to deceive another so that he shall act upon it to his legal injury. "Fraud under the Alabama law referred to under Title 7, Section 108, is this, it is misrepresentations of a material fact made willfully to deceive, or recklessly without knowledge, and acted on by the opposite party, or if made by mistake and innocently, and acted on by the opposite party, would constitute legal fraud.
 "The word `deceit' means a fraudulent and cheating misrepresentation, artifice, or device, used by one or more persons to deceive or trick another, who is ignorant of the true facts, to the prejudice and damage of the party imposed upon. Let me read that again, a fraudulent and cheating misrepresentation, artifice, or device, used by one or more persons to deceive and trick another, who is ignorant of the true facts, to the prejudice and damage of the party imposed upon. A deceit is either the suggestion, as a fact, of that which is not true, by one who does not believe it to be true or an assertion, as a fact, of that which is not true, by one who has no reasonable ground for believing it to be true or the suppression of a fact, by one who is bound to disclose it, or who gives information of other facts which are likely to mislead for want of communication of that fact, or it could be a promise, made without any intention of performing it. Under Title 7, Section 110, the elements of deceit are set out under this definition: The willful misrepresentation of a material fact, made to induce another to act, and upon which he does act to his injury, will give a right — will create what is referred to as deceit. Mere concealment of such a fact, unless done in such a manner as to deceive and mislead, would not be deceit. In all cases of deceit, knowledge of a falsehood constitutes an essential element. A fraudulent or reckless representation of facts as true, which the party may not know to be false, if intended to deceive, is equivalent to a knowledge of a falsehood."
It is true, as the state argues, that the legislature may, in enacting a statute for the ultimate protection of society and aimed at preventing its exploitation, forbid the doing of an act and make its commission criminal without regard to the intent or knowledge of the doer. Smith v. State, 223 Ala. 346,136 So. 270 (1931); Allen v. State, 33 Ala. App. 70,30 So.2d 479 (1947); Leonard v. State, 38 Ala. App. 138, 79 So.2d 803
(1905); Haywood v. State, 280 Ala. 171, 190 So.2d 728 (1966);State v. Southern Express Co., 200 Ala. 31, 75 So. 343 (1917);Fiorella v. City of Birmingham, 35 Ala. App. 384, 48 So.2d 761
(1950); McKinney v. State, 50 Ala. App. 271, 278 So.2d 719, cert. denied, 291 Ala. 789, 278 So.2d 724 (1973). However, under an indictment charging a violation of the Alabama Securities Act the state has the burden of showing that the conduct was willful and unlawful. This is "the language of the statute, chosen deliberately by the Legislature". Manson v.State, Ala.Cr.App., 349 So.2d 67, 81, cert. denied, Ala.,349 So.2d 86 (1977).
Title 53, Section 28, Code of Alabama 1940, Recompiled 1958 (1973 Cum.Supp.), provides that "(i)t is unlawful for any person, in connection with the offer, sale or purchase of any security, directly or *Page 786 
indirectly" to imply, make, or engage in any fraudulent or prohibited practice. Title 53, § 44 (a), states that
 "Any person who willfully violates any provisions of this chapter, shall upon conviction be fined not more than $5,000.00 or imprisoned not more than three years, or both." (Emphasis added)
Thus the statute employing the term "willful" requires proof of the guilty knowledge or mens rea. Dixon v. State, 40 Ala. App. 465, 115 So.2d 262 (1959). A "willful" act may be described as one done intentionally, knowingly, and purposely, without justifiable excuse, as distinguished from an act done carelessly, thoughtlessly, heedlessly or inadvertently. Padgettv. State, 36 Ala. App. 355, 56 So.2d 116 (1952). This excludes the concept of criminal liability for a misrepresentation made innocently and by mistake in a prosecution for securities fraud under Title 53, Section 28, Code.
Having determined the intent required we must now examine the oral charge of the trial court. In reviewing the propriety of a trial court's jury charge, it is the responsibility of this court to consider the charge in its entirety and as a whole without isolating statements or sentences out of context. See cases cited at 6A Alabama Digest, Criminal Law, 822 (1).
In reviewing the entire charge we find that the following instructions were given after the objectionable definition of fraud quoted above.
 "The penalty section that I have just read to you, Section 44, sets out that the violation must be willful. I, therefore, charge you that willful means proceeding from a conscious motion of the will or voluntary. Willful means intending the result which actually comes to pass. Willful means designed, and willful means intentionally as opposes to accidentally or involuntarily. A willful act has been defined as being one done intentionally, knowingly, and purposely, without justifiable excuse, as distinguished from an act done carelessly, thoughtlessly, heedlessly, or inadvertently.
 "The definition of `willful' has the word `intentional'. I would charge you that what intend means is design or resolve or determination with which a person acts. Intent being a state of mind, is rarely susceptible of direct proof, but must ordinarily be inferred from the facts.
 "I would charge you that willfulness could exist where an ordinary person under similar circumstances should have known or could have known by the exercise of reasonable diligence that the statements were false or willfulness could exist where a defendant has demonstrated a reckless disregard or an indifference to representing the truth or did not use the means at hand to determine the true facts."
When this portion of the charge is read in conjunction with the objected to portion it is clear that the jury was instructed that they could convict only if they found that the fraud was willful. Any error or tendency to mislead contained in the definition of fraud was cured by the subsequent instructions. Foster v. State, 46 Ala. App. 344, 241 So.2d 903
(1971); Langston v. State, 16 Ala. App. 123, 75 So. 715 (1917).
The rule of review in this regard is that the general charge of the court must be considered and construed as a whole and in connection with the evidence, and if, when so construed it asserts a correct proposition applicable to the evidence, a disconnected part or sentence is not reversible error, although it may not express all the necessary constituents of the offense. Johnson v. State, 33 Ala. App. 159, 31 So.2d 667, cert. denied, 249 Ala. 433, 31 So.2d 670 (1947).
The trial court also gave the following written requested charges of the appellant which remove any possible doubt that the appellant was in any way prejudiced by the trial court's definition of fraud.
 A-2 — "In order to find that Garet Van Antwerp violated the Alabama Securities Act you must find to a moral certainty that he acted with the intent to defraud either the purchasers or sellers of securities." *Page 787 
 A-27 — "The Court charges the jury that negligence or bad judgment does not constitute a criminal offense."
 A-14 — "To find that the defendant employed a device, scheme or artifice to defraud you must find from the evidence beyond a reasonable doubt that the defendant acted with the intention to deceive."
Though we have reviewed this issue on its merits the record affirmatively reveals that an exception was made only after the jury had retired. Time after time this court has held that exceptions to the oral charge must be made in the presence of the jury and prior to their retirement in order that the court may correct any error. The defendant and his counsel have the burden of stating objections to the oral charge before the jury retires to determine the verdict. Cox v. State, 280 Ala. 318,193 So.2d 759 (1967); Lowery v. State, Ala.Cr.App.,342 So.2d 797 (1976); Moates v. State, 40 Ala. App. 234, 115 So.2d 277, cert. denied, 269 Ala. 698, 115 So.2d 282 (1959). 6A Alabama Digest, Criminal Law, 841, 842, 843. Absent a timely objection there is nothing for this court to review.
 II
After limiting the prosecution and the defense to two and one-half hours each in closing argument to the jury, the trial judge further instructed counsel:
 "The Court further instructs the State and the defense not to argue at all (sic) to the jury. That is improper, and would abate the province of the Court. So, I want to make that instruction clear at this time. Any questions about that instruction?
 "MR. MARSAL: Yes, sir. We respectfully except to the Court's stating, at this stage, that the lawyers are instructed not to argue the law.
 "THE COURT: All right. Note your exception, Mr. Marsal.
 "MR. MARSAL: I take the position that it is the lawyer's responsibility to argue the law as he understands it to be, in connection with the facts presented.
 "THE COURT: By arguing the law, Mr. Marsal, I am not saying you cannot recite the applicable law that is referred to, which is made the basis of the indictment against the defendant. That is not arguing the law. As far as interpreting the law, that is improper for an attorney to do that. It is the Court's function to do so, and it would invade the province of the Court, and you are instructed not to do that.
"MR. MARSAL: We do except."
It is argued that this action of the trial judge "flatly and arbitrarily" denied the appellant his constitutional "right to be heard by himself and counsel, or either" under theConstitution of Alabama, 1901, Article I, Section 6.
In speaking of the range of advocacy in criminal cases, the Alabama Supreme Court in Cross v. State, 68 Ala. 476 (1881) pointed out that counsel may argue law generally to the jury and indicated that such argument is embraced within the constitutional right of an accused. The court however left no doubt that this right is not absolute but is subject to the control and guidance of the trial court, such argument actually being argument before the court and to the court, because the jury is not the judge of the law and it is their sworn duty to receive and apply the law as it is given them by the trial court.
 "Defendants have the right to be heard by themselves and counsel. The constitution secures this much to them. In addressing the jury, counsel must be allowed to select and pursue their own line of argument, their own methods of dealing with the testimony. They may state the principles of law applicable to the case, and may argue such principles, and quote from books in elucidation of their views of the law. This, however, is an argument before the court, and for the court; for the jury are not judges of the law. It is their sworn duty to receive and apply the law as the same is given them in charge by the court." Cross, supra, 68 Ala. 480. *Page 788 
See also Mitchell v. State, 18 Ala. App. 471, 472, 93 So. 46, cert. denied, 208 Ala. 699, 93 So. 923 (1922); 67 A.L.R.2d 245, Annotation: Counsel's right in criminal prosecution to argue law or to read lawbooks to jury.
Thus it is the right of counsel under the guidance of the court to discuss the rules of law applicable to different phases of the testimony. Davis v. State, 213 Ala. 541, 543,105 So. 677 (1925). The right to be heard must be harmonized with the principle that the trial judge instructs as to the law of the case. White v. State, 41 Ala. App. 54, 60, 123 So.2d 179,183, cert. denied, 271 Ala. 702, 123 So.2d 186 (1960). InWhite, the court suggested:
 "Since counsel runs the risk of being `guided' by the court when making statements to the jury as to what may be the applicable principles of law, submitting and having approved written charges before argument avoids the danger of the judge cutting the ground from under an argument."
However, we found no Alabama case specifically limiting counsel's arguments of the law to only those principles embraced and included in the instructions of the trial court or to the approved requested charges.
 "Courts have a discretionary power, moreover, to require all propositions of law to be argued as such to the presiding judge, and not to the jury. The jury are to receive the law from the court, and not from either the counsel, or from textbooks or adjudged cases. This is a part of the police-power, so to speak, of the court, often necessary to prevent confusion and insure the orderly administration of justice in the trial court." Harrison v. State, 78 Ala. 5, 11-12 (1884). Approved in Smith v. State, 36 Ala. App. 646, 650, 62 So.2d 473 (1953).
While it is difficult, if not impossible, to ascertain the bounds of argument permitted by the trial court in this case, we view the substance and import of the instructions of the trial judge as prohibiting counsel from usurping the function of the court. The trial judge did not prohibit counsel from stating the law to the jury but only from "arguing" the law "as far as interpreting the law". The court's action was not arbitrary because the trial judge allowed counsel to argue under his guidance. In exercising his guidance we do not find that the trial judge abused his discretion or erred to a reversal.
Though defense counsel was given a two and one-half hour period in which to present his closing argument, the record reveals no single instance where counsel, either for the prosecution or defense, was stopped or inhibited in presenting any legal argument to the jury (outside of the general instructions of the court set forth above). In view of the complexion of the entire trial and the vigorous and aggressive manner in which the appellant was defended, it would be unrealistic for this court to assume that no arguments on the law of the case were presented during closing arguments to the jury.
In Peagler v. State, 110 Ala. 11, 14, 20 So. 363, 364 (1895), the Alabama Supreme Court found that the trial judge did not deprive the defendants of their constitutional right to be heard by counsel in limiting counsel to one hour and a half for argument. The observations made there are analogous and helpful here.
 "It [the Alabama Constitution] provides that `he has a right to be heard by himself and counsel, or either'. This provision guarantees him the right to be heard on all questions of law and fact which may arise at any time during the prosecution, and it implies that he shall have full opportunity and time, as justice and the necessities of the case may require. Necessarily, the trial court is invested with a large and very responsible discretion in determining and affording to the accused the full measure of his constitutional right. Like any other adjudication by the trial court involving the rights of a party on trial, its judgment is revisable by this court. When the question is presented here, we determine whether the discretion has been abused, whether the party has been deprived of his right to be fully *Page 789 
heard, as provided. Where the right has been wholly denied, or action taken in the absence of the accused, the duty of this court is plain. But, where the question depends upon the manner in which a discretion has been exercised, the duty of this court in reviewing the conclusion of the trial court is often difficult. When it is presented as it is in this case, the duty devolves upon this court to examine the record, and consider the gravity of the charge against the accused, the number and character of legal questions and facts involved, and determine from a consideration of them all whether the time allowed was ample to secure complete justice to the defendant."
Just as error cannot be predicated on the limitation of arguments where the record fails to show that counsel consumed the entire time allotted, Newsom v. State, 15 Ala. App. 43,72 So. 579, cert. denied, 198 Ala. 692, 73 So. 1001 (1916), on the showing made here we cannot say that the constitutional rights of the accused were impinged. In King v. State, Ala.Cr.App.,347 So.2d 1005, cert. denied, Ala., 347 So.2d 1010 (1977), we held that the trial court did not err in refusing defense counsel's request to argue the legal effect of certain requested charges before submitting them to the trial judge.
In the absence of any showing that defense counsel had any arguments of law to present we fail to find reversible error. Nowhere in the record does it affirmatively appear that there has been an abuse of discretion resulting in an infringement upon the constitutional rights of the accused. Jackson v.State, 239 Ala. 38, 40, 193 So. 417 (1940).
 III
It is argued that reversible error was committed when the state, in its cross examination of the appellant and a defense witness, alleged as a fact that Stewart Hopps had served time in the penitentiary for fraud. Mr. Hopps was named in two counts of the indictment against the appellant, initiated the project which led to the bond issue, and received a fee of $40,000.00 from the proceeds of the bond sale. He was also shown to have been a co-defendant in Texas civil litigation involving the appellant wherein federal injunctions were entered against each.
 A.
In direct examination of Randall Marrs, Vice-Chairman of the Mount Vernon Industrial Development Board, defense counsel elicited several matters which the Board had been informed of by the appellant, including the fact that Hopps had been "convicted".
"Q. What else did he tell them (the Board)?
 "A. I can't be sure. I think he told us at some time, that one of the parties involved in the transaction with Johnnie Walker had been convicted of something. This must be Mr. Stewart Hopps, I believe."
On cross examination of Mr. Marrs by the state, the following occurred:
 "Q. (The State) And he didn't tell you that Stewart Hopps besides being under an injunction on another case, had been in the penitentiary for fraud?
 "MR. MARSAL: Of course, Judge, we object to that. There is no evidence to that effect whatsoever except from the mouth of the attorney.
 "MR. BAXLEY: Your Honor, he testified on Direct when he asked him something about doing some —
 "MR. MARSAL: We have a motion, if the Court please, to make in response to that remark by Mr. Baxley.
 "THE COURT: All right. I think it is an appropriate time for a break anyway. Take the jury back there.
 (Whereupon, the jury was excluded from the Courtroom.)
 "THE COURT: You may step down, Mr. Marrs, and wait outside in the hall. You cannot, of course, discuss your testimony with any other witness now."
 (Whereupon, there was a motion made for a mistrial by Mr. Marsal, and argument *Page 790 
was heard, and motion was denied by the Court. The jury returned to the Courtroom and the following proceedings were had and done:)
The appellant alleges that the question asked by the prosecution constituted reversible error because (1) it assumed a fact not in evidence, (2) constituted impeachment of the character of a person not a witness or a party to the litigation, (3) was a blatant effort to establish guilt by association and (4) was a violation of the rule that acts between persons other than the defendant are not admissible in his trial.
Though the question assumed facts not in evidence, it was not answered and cannot serve as a basis for reversal. Davis v.State, 27 Ala. App. 551, 176 So. 379, cert. denied, 234 Ala. 625,176 So. 382 (1937). Overruling an objection to an improper question or a question in improper form will not serve as a basis for reversal where the question was not answered. See numerous cases cited at 7 Alabama Digest, Criminal Law, 1170 1/2 (3).
Though the question was in improper form, when the defendant brought out the fact that Hopps had been convicted, the state had the right to cross examine on this matter including inquiry into whether Hopps had been in the penitentiary and what he had been convicted for. Wilkerson v. State, 221 Ala. 453,129 So. 722 (1930).
It should be noted that the record discloses no ruling on the appellant's initial objection. An adverse ruling is a preliminary requirement to preservation of error and appellate review. Heard v. State, Ala.Cr.App., 335 So.2d 679 (1976);Scoggins v. State, Ala.Cr.App., 341 So.2d 967, cert. denied, Ala., 341 So.2d 972 (1976); 7 Alabama Digest, Criminal Law, 1045. Absent an adverse ruling the issue of the objection is not properly before this court. There is no contention and the record does not reveal that the trial judge refused to rule on the objection.
The record does disclose that defense counsel, without securing a ruling on his objection, moved for a mistrial and did not press for a ruling on the objection. The trial court dismissed the jury and heard argument on the motion. The mistrial was properly denied because the question by the prosecution was eradicable. Carroll v. State, 45 Ala. App. 92,225 So.2d 198 (1969). Only the question was in the record and a mistrial would have been too drastic a penalty in such a posture. Crouch v. State, 53 Ala. App. 261, 299 So.2d 305, cert. denied, 292 Ala. 718, 299 So.2d 312 (1974). There was no legal necessity for abandoning the trial. See Ethel Morgan Woods v.State, Ala.Cr.App., 5 Div. 393, Ms. January 24, 1978.
A motion for a mistrial does not include either a motion to strike out or exclude testimony as a lesser prayer for relief.Thomas v. Ware, 44 Ala. App. 157, 204 So.2d 501 (1967). Therefore, the appellant never secured a ruling on his objection and consequently failed to preserve any error for review.
 B.
It is also maintained that error is present in the following excerpt from the record in the state's cross examination of the appellant.
"Q. How long have you known Stewart Hopps?
"A. I have known him since, oh, about the mid 1950s.
"Q. Was this after he got out of the penitentiary?
 "A. I didn't know anything about him being in the penitentiary.
 "Q. Have you ever had any prior dealings with Mr. Hopps?
"A. Prior dealings?
 "Q. Yes. Have you ever worked with him on any other companies?
"A. Once or twice.
"Q. Did you ever own stock in —
 "MR. MARSAL: Excuse me just a second. I move to object — I do object and call on the State to prove any evidence about — legal evidence as to where Stewart Hopps is, and any connection with him in the penitentiary." *Page 791 
Since at least 1896 the rule in Alabama has been that an objection to testimony must be addressed to the questions when propounded, and if not interposed until after an answer, which is responsive to the question, the objection is properly overruled. "A party cannot speculate on the answer of a witness, responsive to a question, and claim the benefit of it, if favorable, and discard it if prejudicial." Downey v. State,115 Ala. 108, 111, 22 So. 479, 480 (1896); 6A Alabama Digest, Criminal Law, 693.
The question itself was objectionable but no objection was made until after the answer. There was no adverse ruling by the trial court.
 "The question itself was objectionable but no objection was made until after the answer. There was no adverse ruling by the court and no motion to strike or exclude. After a question is asked, and a responsive answer given, an objection comes too late, and the trial court will not be put in error absent a motion to exclude or strike an adverse ruling thereon. Oatsvall v. State, 57 Ala. App. 240, 327 So.2d 735, cert. denied, 295 Ala. 414, 327 So.2d 740
(1975); Willingham v. State, 261 Ala. 454, 74 So.2d 241 (1954)."
 Ausborn v. State, Ala.Cr.App., 346 So.2d 1191, 1193
(1977).
 IV
Finally the appellant alleges that his conviction is due to be reversed because the grand jury which indicted him and the petit jury which convicted him were selected in an unconstitutional manner due to the exclusion of black persons from the jury rolls of Mobile County.
Since this objection is first raised in brief on appeal the appellant is precluded from asserting this objection before this court. This identical issue was decided adversely to the appellant in Manson, supra, at 349 So.2d 86.
We have carefully reviewed the entire record and diligently searched for error prejudicial to the accused. It is our finding that the appellant received a fair trial and the judgment of the trial court is due to be affirmed.
AFFIRMED.
HARRIS, P.J., and TYSON and DeCARLO, JJ., concur.
BOOKOUT, J., recuses himself as he was a member of the State Securities Commission which initiated the investigation of the instant charges.