JOSEPH J. MULLINS, Retired Circuit Judge.
The appellant was convicted for burglary second degree and sentenced to six years imprisonment.
The appellant contends that his motion for mistrial should have been granted because state’s counsel asked improper questions regarding a lie detector test during the trial.
During the cross-examination of the sheriff, appellant’s counsel brought out the fact that the appellant had volunteered to go take a lie detector test, and in fact had taken two lie detector tests. Before this was brought out, the subject of lie detector test had not been mentioned. Later on, during the redirect examination of the sheriff by state’s counsel, it was brought out that Mr. Leon Green had administered the lie detector test to the appellant. State’s *83 counsel then asked the sheriff what did Mr. Green tell the appellant. The appellant’s counsel objected, the- court sustained his objection, and the appellant then moved for a mistrial, and the court overruled appellant’s motion.
The next time the subject of a lie detector test was mentioned was after the state had rested its case and during the direct examination of the appellant by his counsel. Appellant testified that the sheriff wanted him to take a lie detector test and a blood test, and that appellant told the sheriff he would. The appellant took two lie detector tests and a blood test. During the cross-examination of the appellant by state’s counsel, appellant testified that he voluntarily took two lie detector tests, whereupon state’s counsel asked appellant if he passed the tests. Appellant’s counsel objected and the court sustained the objection. Whereupon state’s counsel asked appellant if he was telling this jury that he went voluntarily and took two lie detector tests and the sheriff is still prosecuting him for the breaking in at the courthouse. Whereupon appellant’s counsel objected to the question and moved for a mistrial. The court sustained appellant’s objection to the question and overruled his motion for a mistrial.
The trial court sustained appellant’s objections to each of the three foregoing questions by state’s counsel. The statements objected to by appellant were questions. The questions were not answered.
The appellant had first introduced the subject of lie detector test in the trial. Assuming without deciding the questions were improper, they were not answered, therefore harmless.
We hold that the trial court did not err to the prejudice of the appellant when it overruled appellant’s motions for a mistrial. Kemp v. State, 278 Ala. 637, 179 So.2d 762; Gosa v. State, 273 Ala. 346, 139 So.2d 321; Van Antwerp v. State, Ala.Cr.App., 358 So.2d 782, certiorari denied, Ala., 358 So.2d 791; Jones v. State, Ala.Cr.App., 356 So.2d 728, certiorari denied, Ala., 356 So.2d 735.
We have carefully searched the entire record and are of the opinion that reversible error does not appear. The judgment of the trial court is due to be and is hereby affirmed.
The judgment of the trial court should be affirmed.
The foregoing opinion was prepared by the Honorable JOSEPH J. MULLINS, a retired Circuit Judge, serving as a Judge of this Court; his opinion is hereby adopted as that of the Court.
The judgment below is hereby affirmed.
AFFIRMED.
All the Judges concur.