It must be remembered that Buffo was not tried for mere fraud, but was tried for fraud in connection with a securities transaction. The Court of Criminal Appeals found as a fact that there was no evidence in the record to connect Buffo with the issuance of a security. In its petition for certiorari the State has offered no additional facts; consequently this Court is bound by the Court of Criminal Appeals' findings of fact. Rule 39 (k), A.R.A.P. *Page 1167 
I think the Court has altered existing state law by alluding to several federal decisions. The Court has adopted what it refers to as "a loose nexus between the fraud and the securities transaction. . . ." Indeed it has, particularly in view of the Court of Criminal Appeals' finding that there was no connection or nexus at all.
For one to be convicted under § 8-6-18 (a) of "willfully" violating the Securities Act, there must be proof of a guilty knowledge or a mens rea.
 "In any type of fraud case, it is essential to prove `scienter' or guilty knowledge because it is an element of the crime itself. Therefore, in securities fraud cases, `willfully' in subsection (a) necessarily `requires proof of the guilty knowledge or mens rea.'"
Favor v. State, 389 So.2d 556 (Ala.Cr.App. 1980).
 "[U]nder an indictment charging a violation of the Alabama Securities Act the state has the burden of showing that the conduct was willful and unlawful."
[Emphasis added.]
Van Antwerp v. State, 358 So.2d 782 (Ala.Cr.App. 1978).
There is absolutely nothing in the definition of a violation under the Securities Act to even remotely suggest that the term "willfully" should take on any definition other than that already established in the criminal law. Without some proof of knowledge of the scheme or planned use of his work, I fail to see how Buffo could be guilty of "willfully" violating the Securities Act.
BEATTY, J., concurs.