(104 So. 676)

**EUBANKS v. STATE. (8 Div. 236.)**

(Court of Appeals of Alabama. June 9, 1925.)

1. **Indictment and information** ⬤➔110(14)—**Indictment for aiding escape of prisoner need not set out felony with which such prisoner was charged.**

An indictment, in language of statute, for aiding a prisoner lawfully confined in jail "under a charge of felony" to escape, is not demurrable for failure to set out the particular felony, as under statute proof of charge of "any felony" on the trial would sustain the indictment.

2. **Criminal law** ⬤➔753(2)—**Affirmative charge on one count of indictment held not to affect other count.**

The giving of an affirmative charge on count 2 of an indictment, as unintelligible and charging no offense, did not affect first count which was sufficient.

3. **Criminal law** ⬤➔753(2)—**Affirmative charge properly refused, where evidence in conflict.**

Requested affirmative charge was properly refused, and case properly submitted to jury, where evidence was in conflict, and evidence, if believed, was sufficient to sustain conviction.

Appeal from Circuit Court, Madison County; James E. Horton, Jr., Judge.

Henry Eubanks was convicted of aiding a prisoner to escape, and he appeals. Affirmed.

Douglass Taylor, of Huntsville, for appellant.

Harwell G. Davis, Atty..Gen., for the State.

Briefs of counsel did not reach the Reporter.

BRICKEN, P. J. The indictment contained two counts. Count 1 charged that the defendant did convey into the county jail of Madison county three hack saws and one bottle of acid—things useful to aid a prisoner to escape from said jail—with the intent to facilitate the escape of Robert Sanders, a prisoner, lawfully confined in said jail under a charge of felony.

[1] Before pleading to the merits, the defendant interposed demurrer to the indictment; the principal ground thereof being that the averment in the indictment "under a charge of felony" is a conclusion of the pleader, and therefore insufficient. The court properly overruled the demurrer, for there is nothing in the insistence that the indictment is defective in not setting out and charging the particular felony with which the prisoner, Robert Sanders, was charged. As stated, it alleges the conveyance into the jail by defendant of three hack saws and one bottle of acid—things useful to aid a prisoner in his escape, and that defendant intended by that act to aid Robert Sanders, a prisoner lawfully confined in the jail under a charge of felony, to effect his escape. Under the statute, proof of the charge of "any felony" on the trial would sustain the indictment. All the elements necessary to constitute the offense appear in the indictment in the language of the statute, and we think that is sufficient. ⟨

No brief has been filed by the appellant or by the state. We, however, note that exceptions were reserved to the rulings of the court upon the admission of testimony. These rulings, upon examination, are found to be without error.

[2, 3] The court gave the affirmative charge as to count 2 of the indictment, upon the theory that said count was unintelligible and charged no offense. However, this did not affect the first count hereinabove set out and held to be sufficient. The affirmative charge was requested in writing as to the first count, upon the ground of the insufficiency of the evidence, and that the state failed to meet the burden resting upon it. There is no merit in this insistence. The evidence was in conflict, and the court was without authority to direct a verdict; there being sufficient evidence, if believed, under the required rules, to sustain the conviction. The court properly submitted the case to the jury. No error appears in any ruling of the court or upon the record.

The judgment appealed from is therefore affirmed.

Affirmed.

———

⬤➔For other cases see same topic and KEY-NUMBER in all Key-Numbered Digests and Indexes