DeCARLO, Judge.
Escape; two years.
This is an indigent appeal from a conviction by a Shelby County jury on a charge of escape.
The indictment in this case, omitting the formal parts, charged that:
“. . . Carl Brantley ... a convict, did escape or attempted to escape from the penitentiary or from a person or guard having him in charge under authority of law, either within or outside the walls of the penitentiary before the expiration of the term for which he was sentenced . . . ”
The code section supporting this indictment is T. 14, § 153, Code of Alabama 1940, Recompiled 1958, which reads:
“Any convict who escapes or attempts to escape from the penitentiary, or from any person or guard having him in charge under authority of law, either within or outside the walls of the penitentiary before the expiration of the term for which he was sentenced, shall, on conviction be imprisoned for an additional term of not less than one year.”
The testimony in this case showed that on December 14, 1974, the appellant was adjudged guilty of the offense of burglary in the second degree and his punishment was fixed at 24 months hard labor for the use of Shelby County. On October 13,1975, appellant, while serving this sentence in the Shelby County Jail, escaped.
It is clear from the facts recited above that the appellant should have been charged under T. 14, 151(1), Code of Alabama 1940, Recompiled 1958, 1973 Cum. Supp. to Vol. Five; it reads as follows:
“Any convict sentenced to imprisonment in the county jail, or to hard labor for the county, who escapes from such confinement, or departs or runs away from such labor, before the expiration of the time for which he was sentenced, shall be guilty of a felony, and upon conviction, shall be punished by imprisonment in the county jail for not more than twelve (12) months, or by imprisonment in the penitentiary for not less than one (1) nor more than three (3) years, or by fine of not more than one thousand dollars ($1,000.00) or by both such fine and imprisonment.”
These facts demonstrate to us a fatal variance between the material allegations of the indictment and the proof. Owens v. State, 46 Alá.App., 591, 246 So.2d 478. This precise issue was raised in a motion to exclude the State’s evidence. The motion should have been granted.
For the error designated, the judgment is reversed, and the cause remanded.
REVERSED AND REMANDED.
TYSON, HARRIS and BOOKOUT, JJ., concur.