BOWEN, Judge.
The defendant was charged in a two count indictment for the offenses of second degree burglary of the Baldwin Junior High School in Montgomery County and the grand larceny of seven speakers. A jury convicted him of grand larceny as charged. The trial court sentenced the defendant to five years’ imprisonment.
In its oral charge to the jury the court instructed on the principles of aiding and abetting. Defense counsel reserved an exception to this portion of the charge “as not being hypothesized by the evidence.”
*653 The record shows that counsel s exception to the oral charge of the trial court was made after the jury had retired to the jury room to begin their deliberations. The trial court made no response to this exception.
The exception was untimely.
“Time after time this court has held that exceptions to the oral charge must be made in the presence of the jury and prior to their retirement in order that the court may correct any error. The defendant and his counsel have the burden of stating objections to the oral charge before the jury retires to determine the verdict, [citations omitted] Absent a timely objection there is nothing for this court to review.” Van Antwerp v. State, 358 So.2d 782, 787 (Ala.Cr.App.), cert. denied, 358 So.2d 791 (Ala.1978).
The defendant was caught “red-handed” with the speakers and only convicted of grand larceny. The jury acquitted him of the burglary charge. Under these circumstances we fail to see how the judge’s charge on aiding and abetting prejudiced the defendant even if unsupported by the evidence. Mack v. State, 348 So.2d 524, 529 (Ala.Cr.App.1977).
We have examined the record as required by law and have found no error prejudicial to the defendant. The judgment of the Circuit Court is affirmed.
AFFIRMED.
All Judges concur.