405 So.2d 411 (1981)
Harold E. PINKARD
v.
STATE.
8 Div. 490.
Court of Criminal Appeals of Alabama.
October 6, 1981.
*412 Barry Mansell, Russellville, for appellant.
Charles A. Graddick, Atty. Gen., and J. Thomas Leverette, Asst. Atty. Gen., for appellee.
HARRIS, Presiding Judge.
The appellant was indicted by a Franklin County Grand Jury for escape in the first degree. On October 6, 1980, a Franklin County Circuit Court jury found appellant guilty of the charged offense. On November 20, 1980, in a pre-sentencing hearing, the trial court, after the state produced four certified copies of judgments of felony convictions wherein the defendant was represented by counsel, sentenced appellant to life imprisonment under the Habitual Offender Act.
The record shows that, in the early morning hours of August 4, 1980, the jailer on duty at the Franklin County jail heard bumping noises upstairs in the jailhouse. When the jailer walked upstairs to investigate, he discovered that the appellant was missing from the cell he had seen appellant in just before midnight. He noted that the lock had been sawed in two and he found a hacksaw blade in the appellant's cell.
After the jailer had reported the escape, a deputy sheriff investigated the scene. He also noticed that appellant's cell door had been tampered with and he noted that the cell door was open. While investigating outside the jailhouse, he found the lock outside of a jailhouse window that had been broken. The deputy testified that he believed that the appellant had made his escape through this broken window. The deputy then put out a bulletin to apprehend appellant.
About one week later the deputy took custody of the appellant. He was being *413 held in the custody of a Mississippi county jail. The deputy brought appellant back to the Franklin County jail.
The state then presented evidence indicating that the appellant was serving a non-completed term of six years for the conviction of grand larceny, a felony, when he escaped.
The appellant contends that the trial court committed reversible error in overruling his motion to dismiss or to quash the indictment. The appellant claims that the indictment is fatally defective because it failed to allege a criminal offense and failed to adequately inform the defendant of the offense the state sought to charge against him. We do not agree.
The instant indictment reads as follows:
"The Grand Jury of said County charge that before the finding of this indictment Harold Edward Pinkard [appellant], whose name is unknown to the Grand Jury other than as stated, having been convicted of the offense of grand larceny, a felony, on November 27, 1979, for which he was sentenced to 6 years in the penitentiary, he escaped or attempted to escape, on to-wit: August 4, 1980, from custody imposed pursuant to that conviction, in violation of Section 13A-10-31 of the Code of Alabama."
The record shows that, on September 25, 1980, the defendant pleaded not guilty. Subsequently, on October 6, 1980, the appellant filed a motion to dismiss or quash the indictment and, on the same day, argued the motion in the trial court. The trial court overruled the motion. The record indicates that, at least as of October 6, 1980, the appellant was informed that the state intended to invoke the Habitual Offender Act in a pre-sentencing hearing if the appellant was convicted of the substantive offense of escape. Approximately six weeks after denial of the appellant's motion, the trial court held a pre-sentencing hearing in order to hear evidence of prior convictions. The trial court then sentenced appellant to life imprisonment under the Habitual Offender Act.
As this court held in Stringer v. State, Ala.Cr.App., 372 So.2d 378, cert. denied Ex parte Stringer, Ala., 372 So.2d 384 (1979) the law in Alabama is as follows:
"The proper procedure to challenge the validity of an indictment is by demurrer [cases cited]. This the appellant did not do, and he now raises the issue for the first time on appeal. Ordinarily, one waives any irregularities in the indictment by appearing and pleading in the trial court, and a plea to the merits is considered an admission of a valid indictment. [cases cited]. `However, due process dictates that a defect associated with an essential element of the offense which leaves the accused unaware of the nature and cause of the charge against him cannot be waived by failure to timely demur.' Andrews v. State, Ala.Cr.App., 344 So.2d 533, cert. denied, Ala., 344 So.2d 538 (1977)."
Such a fatal defect is not present in the instant indictment.
Appellant specifically contends that the indictment is fatally flawed because (1) it failed to state that the appellant was in "lawful" custody (2) and it failed to state from where and from whose custody appellant escaped.
As to the contention that the absence of the words "lawful custody" was a fatal defect in the indictment, this court recently ruled that such an absence was not fatal to the indictment. In Black v. State of Alabama (1981) 401 So.2d 320 (Ala.Cr. App. 1981), this court stated:
"Appellant asserts that without a `lawful' detention there can be no offense of escape; therefore, it must be spelled out in the indictment. In lieu of ruling on this assertion, we need only point to the case of Summers v. State, Ala.Cr.App., 348 So.2d 1126, cert. denied, 348 So.2d 1136 (Ala.), cert. denied, 435 U.S. 981, 98 S.Ct. 1633 (1977), for the following statement as to the due process requirements for a sufficient indictment:
"`An indictment should be specific in its averments in four prime aspects to insure this guaranty: (a) to identify the accusation *414 lest the accused should be tried for an offense different from that intended by the grand jury; (b) to enable the defendant to prepare for his defense; (c) that the judgment may insure to his subsequent protection and foreclose the possibility of being twice put in jeopardy for the same offense, and (d) to enable the Court, after conviction, to pronounce judgment on the record.'
"Based on these guidelines, which also embody our preference for substance over form in our modern pleading, we find that this indictment was clearly sufficient to apprise the appellant of the charge against him and to safeguard against double jeopardy and improper judgments."
The appellant also contends that the indictment is fatally defective because it does not specify from whose custody or from where appellant escaped. Assuming for a moment that such language is essential without actually deciding the issue, the indictment does in fact state from whose custody and from where appellant escaped.
The indictment refers to the statute under which the appellant was prosecuted (Section 13A-10-31, Code of Alabama) and tracks almost the identical language of the relevant portion of the statute. The statute states that a person commits the crime of escape in the first degree if the defendant "having been convicted of a felony, y(3)27 escapes or attempts to escape from custody imposed pursuant to that conviction." (Emphasis added.) Under Section 13A-10-30, the definitional statute for escape offenses, custody is defined as "A restraint or detention by a public servant pursuant to a lawful arrest, conviction or order of court ..." (Emphasis added.)
The commentary to Sections 13A-10-31 through 13A-10-33 defines "custody" as any detention pursuant to lawful arrest or court order.
Therefore, the new statute on first degree escape coupled with the general definitional statute on escape, states from whose custody the appellant escaped ("... detention by a public servant") and from where appellant escaped (from "custody" defined as any detention pursuant to lawful arrest).
The appellant cites two cases, Eady v. State, Ala.Cr.App., 369 So.2d 841, (1979); Brantley v. State, Ala.Cr.App., 340 So.2d 902 (1976), to support his contention that the absence of the above discussed information was a fatal defect in the indictment. A reading of these cases does not support this contention. The two cases did not hold that certain information must be included in an indictment charging escape. Instead, the two cases addressed an issue of a variance between pleadings and proof, an issue not raised here.
Further, both cases were decided prior to January 1, 1980, the date the new criminal code came into effect. Thus, the cases dealt with the previous escape statutes (Sections 13-5-65 and -63, Code of Alabama 1975) that contained different elements than the present statute (Section 13A-10-31, Code of Alabama). Therefore, no pre-1980 cases dealing with indictments under the prior law of escape can be used to determine the sufficiency of indictments under the present law of escape.
Since the information at issue is either in the indictment or, if absent, was not an essential element of the offense that leaves the accused unaware of the nature and cause of the charge against the appellant, there is no fatal defect in the indictment. As such, we find no defect in the indictment rendering it void and subject to challenge in any manner other than by way of demurrer timely filed in the trial court. The appellant failed to file a proper and timely challenge, and no error can thus be attributed to the trial court in this regard. Stringer, supra.
Although the appellant chose not to argue the issue on appeal, the appellant contended in the trial court that the indictment was fatally defective because it did not mention that the prosecution intended to invoke the Habitual Offender Act at trial. This issue was argued in a pre-trial hearing just prior to trial on the motion to quash the indictment. Thus, appellant was notified *415 before trial. This court, in Sullen v. State of Alabama, [Ms. October 6, 1981] (Ala.Cr.App. 1981) recently addressed the issue of pre-trial notice of sentencing under the Habitual Offender Act. The court stated, "Appellant's final assertion is that he had an absolute right to be informed prior to the trial on the substantial charge, of the prosecution's intention to have him sentenced, if convicted, as a `habitual felony offender.'"
There is no merit in this contention in light of our recent decisions which specify that there is no pre-trial notice requirement. Holley v. State, Ala.Cr.App., 397 So.2d 211, cert. denied, Ala., 397 So.2d 217 (1981); Smith v. State, (1981), 401 So.2d 251 (Ala.Cr.App. 1981); Holsclaw v. State, 406 So.2d 1019 (Ala.Cr.App. 1981).
Therefore, since pre-trial notice is not a requirement in invoking the Habitual Offender Act, the indictment need not state the prosecution's intent to invoke it at sentencing.
Appellant next contends that the trial court committed reversible error in overruling appellant's objection relating to evidence of appellant's prior grand larceny conviction and subsequent imprisonment from which he escaped. Specifically, appellant argues that the document was not a judgment entry as required. Appellant also contends that the document, a certified copy and not the original, violated the best evidence rule.
There is no merit to either argument.
The appellant argues that the purported judgment entry, mainly because it was not signed by the presiding trial judge, was not a judgment entry. He apparently claims that the judgment is but a docket entry or a trial docket sheet, and he cites cases that state that use of a trial docket sheet in an escape case is an improper method of proving that a prisoner was confined under a lawful charge or conviction of felony.
The appellant correctly states the law that a trial docket sheet is an improper document in establishing a prior conviction. Hall v. State, Ala.Cr.App., 352 So.2d 8, cert. denied Ex parte State, 352 So.2d 11 (Ala. 1977). But the document in the present case is not, as the appellant contends, a trial docket sheet or docket entry. It is a valid judgment entry.
The judgment entry is as follows:
"JUDGMENT ENTRY
"STATE OF ALABAMA IN THE CIRCUIT COURT OF
VS. CASE NO. CC-80-097 FRANKLIN COUNTY, ALABAMA
HAROLD EDWARD PINKARD ESCAPE 1ST. DEGREE
"On the 25th day of September, 1980, comes the State of Alabama by its District Attorney, Honorable John Jolly, also comes the defendant Harold Edward Pinkard, in his own proper person and the defendant being before the Court and having made known to the Court that he is financially unable to employ counsel to represent him in this case, the Court hereby appoints Honorable Barry Mansell, an experienced and competent attorney practicing at the bar of Franklin County, Alabama to represent and defend said defendant in this case, and after talking with his attorney the defendant waives the reading of the indictment and pleads not guilty.
"Thereupon, on the 6th day of October, 1980, comes a jury of good and lawful persons, to-wit: Stephen Ricky Bingham, and eleven others who, being duly empanelled sworn and charged by the Court according to law, before whom the trial of this cause was entered upon and continued from day to day, said defendant Harold Edward Pinkard and his attorney, Honorable Barry Mansell, being in open Court at each and every stage and during all the proceedings in this cause, now on this 6th day of October, 1980, said jurors upon their oaths do say: `We the jury find the defendant Harold Edward Pinkard guilty, Stephen Ricky Bingham, Foreman.' Sentencing is passed to 11-10-80.
"On this November 20, 1980, the defendant, Harold Edward Pinkard, and his attorney, Honorable Barry Mansell, being in open Court and the defendant, Harold Edward Pinkard, being asked by the Court if he has anything to say why the *416 judgment and sentence of the law should not be pronounced upon him says nothing in bar or preclusion of sentence. And the Court after hearing testimony of defendant's previous felony convictions, and reviewing pre-sentence report, adjudges the defendant Harold Edward Pinkard guilty in accordance with the verdict of the jury. It is therefore, considered by the Court and it is the judgment and sentence of the Court that the defendant, Harold Edward Pinkard, be imprisoned in the Penitentiary of the State of Alabama for a period of life, as punishment for his crime.
"12-5-80, Motion for a new trial filed.
"12-17-80, Motion for a new trial is set for 1-30-81.
"1-30-81, Motion for a new trial overruled.
"Thereupon on the 20th day of February, 1981, notice of appeal is entered.
"On the 26th day of February, 1981, in open Court on this day, the Court grants the defendant a free transcript and appoints Barry Mansell to represent the defendant on appeal."
The Alabama Court of Appeals dealt with a document that was almost identical in form as the present document and like the present entry was not signed by the presiding trial judge. The Court established that the document constituted a valid judgment entry. The Court then stated, "That the judge did not sign the judgment is not error." Duck v. State, 92 So.2d 55, 38 Ala.App. 652 (1957). The document was a valid judgment entry, and the proper method of proving a prior conviction is by judgment entry. McGhee v. State, Ala.Cr. App., 333 So.2d 865 (1976), and cases cited therein.
The appellant also contends that there is no evidence showing that the appellant was being held in lawful custody for the conviction of the prior larceny conviction. The larceny conviction judgment entry that was introduced as State's Exhibit One stated that the defendant was sentenced to six years imprisonment on November 27, 1979. The record establishes evidence that the appellant was in custody on August 4, 1980, the date of the escape. Appellant offered no evidence rebutting the reasonable inference drawn from the state's evidence that the appellant was in custody on August 4, serving out his term for the grand larceny six-year sentence.
Appellant also contends that the trial court violated the best evidence rule in allowing a copy of the judgment entry admitted and not the original. The appellant admits in his brief that the copy was authenticated. The record establishes that the Circuit Court Clerk, the official custodian of such court records, had been in charge of the entry. The Circuit Clerk also testified that the copy introduced was a certified copy of the judgment entry in that case. The entry itself is certified as being a true copy of the original. This court held in McGhee, supra, that "the proper method of proving a prior conviction is by a judgment entry or a certified copy of the court record showing a judgment entry of the prior conviction. [cases cited]" (Emphasis added.)
Finally, the appellant contends that the trial court committed reversible error by misstating the law concerning first degree escape. This court cannot review appellant's claim. The record shows that the appellant did not object to the trial court's alleged misstatements. He only objected to the trial court's refusal to use appellant's written instructions concerning second and third degree escape. The law is well settled in Alabama that when a defendant makes no exceptions or objections to the oral charge, this court cannot review the issue of asserted jury instructions. Storie v. State, Ala.Cr.App., 390 So.2d 1179, [cases cited therein], writ denied Ex parte Storie, Ala., 390 So.2d 1184 (1980).
Although appellant did not raise the issue on appeal, he objected to the trial court's rather sketchy oral charge concerning appellant's affirmative defenses such as entrapment and duress. Even though the oral charge on these defenses is possibly less than adequate, the objection was not preserved for review. The trial court never ruled on the objection. The law in Alabama *417 is well settled that a preliminary requirement in preserving appellate review of a motion or objection consists of an objection and an adverse ruling. Van Antwerp v. State, Ala.Cr.App., 358 So.2d 782, cert. denied Ex parte Van Antwerp, Ala., 358 So.2d 791 (1978). The objection was also made outside of the hearing of the jury. The law is well settled that an objection to an oral charge must be made in the presence of the jury and before they begin their deliberations. Hand v. State, Ala.Cr.App., 385 So.2d 652 (1980).
We have carefully searched the record for errors injuriously affecting the substantial rights of the appellant and have found none. The judgment of conviction is affirmed.
AFFIRMED.
All the Judges concur.