BOWEN, Presiding Judge.
While serving a two-year sentence of hard labor for Shelby County, Carl Brantley escaped on three separate occasions in 1976.
He was indicted, convicted and sentenced to two years’ imprisonment pursuant to title 14, § 153, Code of Alabama 1940 (Re-comp.1958) (later codified at Ala.Code § 13-5-65 (1975)), for escape from the State penitentiary. On appeal, this court reversed Brantley’s conviction due to evidentiary insufficiency, noting that he should have been indicted under title 14, § 151(1), Code of Alabama 1940 (Supp. 1973) (later codified at Ala.Code § 13-5-63 (1975)), for escape from “imprisonment in the county jail, or to hard labor for the county.” Brantley v. State, 340 So.2d 902, 903 (Ala.Crim.App.1976).
Following the reversal of his conviction, Brantley was not reindicted under the proper statute. Instead, in 1977, with counsel present, he pled guilty to the identical indictment upon which his reversed escape conviction had been based, answering “Yes, sir, I was.” to the court’s question, “You were serving a sentence at the penitentiary during these [escapes], is that correct?” (Emphasis added).
In 1983, Brantley petitioned the Shelby Circuit Court for a writ of error coram nobis on the grounds that he was innocent of the crimes of escape to which he had *294 pled guilty, that the trial judge imposed on him a more severe sentence following appeal, and that he was denied the effective assistance of counsel. The trial court denied the State’s motion to dismiss the petition and set the matter for a hearing.
Then, following an agreement between the defendant, defendant’s counsel, and the district attorney, Brantley consented to an amendment of the original indictment to reflect the fact that he had escaped from the county jail rather than the State penitentiary. He agreed to plead guilty to the amended indictment with the understanding that the State would recommend a sentence of three years in the penitentiary. He also agreed not to apply for a suspended or probated sentence, consented to waive a presentence report and, in addition, accepted the following terms: “the original sentence in this case will then be set aside and [the sentences for all three escapes] will run concurrently with the sentence ... in case no. CC-81-149 in the Circuit Court of Bibb Co., Ala., and the Defendant’s Petition for Error Coram Nobis would be dismissed as moot.”
On February 1, 1984, the trial court granted the motion to amend the indictment and, following a thorough Boykin colloquy, accepted Brantley’s pleas and pronounced him guilty of three charges of escape from the county jail. He sentenced Brantley to three years’ imprisonment for each crime, the sentences to be served concurrently, and announced that Brantley was to be credited with the appropriate amount of jail time served.
The minute entries, signed by the trial judge, reflect the following:
“On this the 1st day of February 1984, Previous sentence given in Count 1 of the indictment is set aside and dismissed. Petition for Writ of Error Coram Nobis is moot.
s/R. Armstrong, Judge”
“On this the 2nd day of February, 1984, It was suggested and adjudged in open court that the error coram nobis petition was moot. However, the better procedure would be to use the error coram nobis petition as the basis for setting aside the previous corrections [sic — convictions?] in this case (count 1 of the amended indictment.) It is so ORDERED. All other orders remain exactly the same.
s/R. Armstrong, Judge”
Within forty-two days of his guilty pleas, Brantley appealed to this court. If the appeal is construed as a request for review of the dismissal of his coram nobis petitions, the foregoing order of the trial judge shows that the petitions were, in fact, granted “as the basis for setting aside his previous [convictions].” If the appeal is construed as a direct appeal of the convictions arising out of his guilty pleas on February 1, 1984, the convictions are affirmed. The record reveals that Brantley entered the pleas knowingly, voluntarily, and after full disclosure of the State’s recommendation regarding his sentence.
Brantley’s argument that the trial judge erred by increasing his sentence from two to three years following his appeal, without setting forth a reason, in violation of North Carolina v. Pearce, 395 U.S. 711, 89 S.Ct. 2072, 23 L.Ed.2d 656 (1969), loses its force when considered in view of the fact that Brantley agreed to the three-year sentence prior to entering his plea. “[I]f the entering of a guilty plea represents a voluntary and intelligent choice among the alternative choices of action open to the defendant, [then the plea] waives all nonjurisdictional defects in the prior proceedings against an accused.” Morrow v. State, 426 So.2d 481, 484 (Ala. Crim.App.1982).
The judgment of the circuit court is affirmed.
AFFIRMED.
All Judges concur.