Dennis Capps, the appellant, was convicted of escape in the first degree and was sentenced to 50 years' imprisonment as a habitual felony offender. He raises four issues on this appeal from that conviction.
 I.
The appellant alleges that the indictment was void because (1) it charged escape and attempted escape — two separate offenses — in the same count, and (2) it identified the underlying conviction for which the appellant was in custody merely as burglary in the third degree without any identification of which particular burglary conviction was involved.
The indictment charged that the appellant,
 "having been convicted of a felony, to-wit: Burglary Third Degree, did escape, or attempt to escape from custody imposed pursuant to that conviction, in violation *Page 444 
of Section 13A-10-31, Code of Alabama, 1975."
"Duplicity" is the joining in a single count of two or more separate offenses. United States v. Burton, 871 F.2d 1566 (11th Cir. 1989); United States v. Chrane, 529 F.2d 1236 (5th Cir. 1976). "Duplicity does not rise to the level of a failure to charge an offense." Campbell v. State, 508 So.2d 1186, 1191
(Ala.Cr.App. 1986). "[A] motion concerning a duplicitous count in an indictment must be made in accordance with Temporary Rule 16.3." Campbell, 508 So.2d at 1191. See Rules 15.2 and 15.3, A.R.Crim.P.
Although the motion to dismiss the indictment was untimely because it was filed after the appellant had pleaded to the merits of the indictment, the trial court apparently considered the merits of that motion. The record does not show that the State objected on the basis of untimeliness.
The appellant's argument that escape and attempted escape are two separate offenses is contrary to the statutory definition of escape in the first degree: "A person commits the crime ofescape in the first degree if: . . . (2) Having been convicted of a felony, he escapes or attempts to escape from custody imposed pursuant to that conviction." Ala. Code 1975, §13A-10-31(a)(2) (emphasis added). "When an offense may be committed by different means or with different intents, such means or intents may be alleged in an indictment in the same count in the alternative." § 15-8-50. "When offenses are of the same character and subject to the same punishment, the defendant may be charged in an indictment with the commission of either in the same count in the alternative." § 15-8-52. "An indictment is sufficient which substantially follows the language of the statute, provided the statute prescribes with definiteness the constituents of the offense." Ex parte Allred,393 So.2d 1030, 1032 (Ala. 1980). See also Pinkard v.State, 405 So.2d 411, 414 (Ala.Cr.App. 1981).
The appellant argues that the indictment did not inform him of the nature of the charge because he had two prior felony convictions for burglary and had recently been arrested for burglary. However, an indictment for escape in the first degree need not aver with particularity and definiteness the particular and specific felony conviction involved.
An indictment for escape in the first degree is sufficient if the indictment identifies by name the felony for which the appellant has been convicted. "[T]he indictment or information need not allege the particular original offense for which the prisoner was committed. Moreover, even though necessary, a description of the prior crime may be sufficiently made by reference to the statute establishing or defining the crime." 30A C.J.S. Escape § 25(3)(a) (1965) (footnotes omitted). An indictment, in the language of the statute, for aiding a prisoner lawfully confined in jail "under a charge of felony" to escape, is not demurrable for the failure to set out the particular felony, as "[u]nder the statute, proof of the charge of 'any felony' on the trial would sustain the indictment."Eubanks v. State, 20 Ala. App. 631, 104 So. 676 (1925).
 II.
The appellant argues that his motion for judgment of acquittal should have been granted because the State "failed to prove that [he] was serving a Burglary III conviction as alleged in the indictment." Appellant's brief at 20.
State's exhibit 1 shows that the appellant pleaded guilty and was convicted of "Burglary III Theft II," and was sentenced on May 19, 1987 to ten years' imprisonment to run concurrently with the sentence the appellant was then serving. Documents contained in the record on appeal indicate that the appellant was convicted of both burglary and theft but received only one sentence. The appellant argues that this shows that the appellant was convicted of only one crime and that the State failed to prove which crime that was.
We think that the evidence is clear that the appellant was convicted of two offenses but given only one sentence. That conclusion is supported by the response *Page 445 
of the trial judge to the appellant's motion for judgment of acquittal.
 "As defense counsel pointed out during examination of the witnesses in the Exhibit [1] it only refers to one crime.
 "It has been this court's policy and is this court's understanding based on the law of Alabama as promulgated by the Court of Criminal Appeals and the Alabama Supreme Court, that wherein a case such as this, and I'm talking about the Burglary and Theft cases, the offenses arise out of one continuous transaction and are part of the same transaction that a defendant may only receive one sentence. Pursuant to that, this court has treated Burglary, Third/Theft, Second, whether they be two counts or not, as being the type offense that would only gain one punishment. Therefore, in this particular case the court sentenced Mr. Capps to serve ten years in the penitentiary.
 "That still does not stop or prohibit the offense from being two separate offenses. However, in compliance with the law, this court has on — I have no idea how many occasions, treated them as one for sentencing purposes. Therefore, based on the testimony and evidence offered in this case presently before the court, the court finds that the state has sufficiently proven that the defendant, Mr. Capps, in this escape case was serving a sentence for the offense of Burglary. So I find the state has met their burden in that regard."
R. 117-19. In Pardue v. State, 571 So.2d 320, 330
(Ala.Cr.App. 1989), reversed on other grounds, 571 So.2d 333
(Ala. 1990), this Court held:
 "The defendant was improperly sentenced for both burglary and theft arising out of the same act. . . . Although § 15-3-8, Code of Alabama 1975, does not forbid double conviction for these offenses, it does forbid double punishment. . . . When the same criminal transaction supports both burglary and theft there can be but one punishment. . . . 'Whether this rule is served by a single sentence or concurrent sentences is a matter confided to the judge's discretion.' "
Thus, there is no merit to the appellant's contention that the State failed to prove that he was in custody at the time of his escape pursuant to a conviction for burglary as charged in the indictment. Equally without merit is the appellant's argument that there was a fatal variance between the pleading and the proof because the indictment charged that the appellant escaped from custody imposed pursuant to a conviction for burglary and the proof showed a conviction for burglary and theft. Even if a variance existed, it was not "material." "[O]ur Alabama case law is clear that there must be a material variance between indictment and proof before a conviction will be overturned for that reason." Ex parte Collins, 385 So.2d 1005, 1009 (Ala. 1980) (emphasis in original).
The appellant also contends that the State failed to prove that he was in lawful custody because the officer from whom the appellant escaped had no authority to have the appellant in his custody based on the rules and regulations of the supervised intensive restitution (SIR) program, and because the officer was holding the appellant on an arrest warrant based on a bare bones affidavit.
The facts are that in April 1990 the appellant was an inmate serving a sentence in the Alabama prison system having been convicted of burglary and theft. He was serving his sentence on the Chilton County SIR Program. His supervising officer was Sergeant Leon Forniss. The appellant was placed on SIR on March 16, 1989. On April 24, 1990, the appellant was arrested and charged with burglary in the third degree and theft of property in the first degree and was placed in the custody of the Chilton County Sheriff's Office. A "hold" was placed on the appellant by the Alabama Department of Corrections. On April 24, 1990; the appellant was released to the custody of Sergeant Forniss, who was to transport the appellant from the Chilton County jail to the Staton Correctional Facility for disciplinary action resulting from the new criminal charges against the appellant. *Page 446 
While en route, the appellant escaped when Sergeant Forniss allowed the appellant to use a restroom at a gasoline service station. The appellant was captured later that day.
In responding to the appellant's motion for acquittal on this ground, the trial judge stated:
 "The other point that the court wishes to address is the issue of lawful custody. The cases in Alabama have held that when a defendant is on the SIR program that while he is outside of the penitentiary on that program, he remains in lawful custody of the State of Alabama pursuant to the conviction that he is serving until such time as he serves the time or is paroled or whatever Pardon and Parole Board and Department of Corrections do with him.
 "Custody. Lawful custody pursuant to that conviction never ends. Jones v. State. . . .
 "With regard to the question or the issue raised by the defense that the warrant [for burglary] upon which the new charges in Chilton County arose were defective, the court does not find that that is fatal to this prosecution. Whether it is fatal to that prosecution it may or may not be something else. But the defendant was in custody. His terms of confinement were changed due to his release on the SIR program. Mr. Forniss as his SIR officer is responsible for him. The testimony is clear that Mr. Forniss has the authority over him. He was in Mr. Forniss's physical, actual custody and a hold was placed on him in the Chilton County jail due to an arrest which would be a violation of requirements of the contract particularly as I recall when defense counsel was going over those with Mr. Forniss. . . . The portion of the contract under the rules and regulations which has been admitted into evidence as Defendant's Exhibit 5 that I was referring to is: I agree to conduct myself as a good citizen and comply with all municipal, state, and federal ordinances and laws.
 "This court is of the opinion Mr. Capps' status as to legal custody did not change while he was on the SIR program, only the terms of his confinement changed. And that I think it has been sufficiently proven that Mr. Forniss as his SIR officer had the authority to place him into physical custody for the purpose of transporting him, getting ready to have a disciplinary, or whatever he was fixing to do with him."
R. 119-22. "[W]e hold that an inmate who escapes from the SIR program can be charged with escape in the first degree, second degree, or third degree under either § 13A-10-33, -32, or -31, depending upon the facts of his case." Ex parte Jones,530 So.2d 877, 879 (Ala. 1988).
The appellant escaped from the custody of his SIR officer who was returning the appellant to a correctional facility for re-classification and a disciplinary hearing on the appellant's violation of the SIR rules and regulations. Although the appellant escaped from the actual custody of Sgt. Forniss after being arrested by the Sheriff's office for the commission of new criminal charges, his escape was from custody imposed pursuant to a felony conviction. While the appellant's April 24, 1990 confinement was due to his arrest on those criminal charges, the fact remains that he was still in the custody of the Department of Corrections because of his prior felony conviction. The appellant's motion for a judgment of acquittal was properly denied.
 III.
The trial court properly refused the appellant's requested written charge no. 1 which stated:
 "I charge you ladies and gentlemen of the jury that to find Dennis Capps guilty of Escape first degree or Escape 3rd degree in this case you must find beyond a reasonable doubt that Dennis Capps did wilfully fail to remain within the extended limits of his confinement under the Supervised Intensive Restitution Program.
 "Submitted this the 29th day of Nov. 1990 under authority of Section 15-18-121 Code of Alabama, 1975." *Page 447 
This charge was properly refused because it was inapplicable to the facts of this case. A requested charge that tends to mislead the jury or is not predicated upon the evidence is properly refused. Ex parte Wilhite, 485 So.2d 787, 789
(Ala. 1986). Section 15-18-121, Ala. Code 1975, is part of the Inmate Community Reintegration Under SIR Act, and is titled "Penalty for failure to remain within limits of confinement." The appellant was not prosecuted for or charged with a violation of that section.
 IV.
The appellant contends that his prior Autauga County conviction for theft in the second degree was not properly certified because the clerk's certification read "a true and correct cop[y] of the original," instead of a "true and complete copy" as required by Ala. Code 1975, § 12-21-67. This contention is without merit.
At sentencing, the State offered three exhibits. Exhibit one was a document of Covington County convictions for burglary in the third degree and theft in the first degree. Exhibit two was for a Covington County conviction for receiving stolen property in the second degree. Exhibit three was an Autauga County conviction for theft in the second degree. The trial court refused to admit and to consider Exhibits one and two because of improper documentation. The trial court did admit and consider State's Exhibit three, finding that "it appears to me that the language is true and correct, is sufficient with regard to this particular exhibit." We agree with that assessment.
"[A] sentence imposed for escape cannot be enhanced under the [Habitual Felony Offender] Act by a prior felony conviction for which the defendant was confined at the time of the escape if that prior conviction was a necessary element in proving the escape." Moncrief v. State, 551 So.2d 1175, 1177
(Ala.Cr.App. 1989). Here, the conviction alleged in the indictment was for burglary, the conviction used to enhance sentence was for theft. The burglary and the theft arose out of the same transaction and the appellant received one sentence for both convictions. "The conviction or the adjudication of guilt of two crimes arising out of a common event or occurrence does not affect the separateness of the convictions. . . . [Section 15-3-8] forbids double punishment, but it does not forbid double convictions." Parker v. State, 516 So.2d 859, 865
(Ala.Cr.App. 1987). The theft conviction, and not the burglary conviction, may be considered under the Habitual Felony Offender Act, which refers to convictions and not sentences.Parker, supra.
The judgment of the circuit court is affirmed.
AFFIRMED.
All Judges concur.