TAYLOR, Judge.
The appellant, Carlos Herrero, pleaded guilty to escape in the first degree, a violation of § 13A-10-31, Code of Alabama 1975. He was sentenced to life in prison pursuant to the Habitual Felony Offender Act.
I
The appellant contends that the indictment was void because, he says, it was “duplicitous, vague, and indefinite.” The indictment reads:
“The Grand Jury of said County charges that before the finding of this indictment, CARLOS HERRERO, whose true name is to the Grand Jury unknown, otherwise than as stated, having been convicted of a felony, to-wit; Robbery III/Burglary III, did escape, or attempt to escape from custody imposed pursuant to that conviction, in violation of Section 13A-10-31, Code of Alabama, 1975.”
It is true that a void indictment may be challenged for voidness at any time. Generally, however, vagueness, indefiniteness and duplicitousness, have been considered defects that render the indictment voidable, not void. Campbell v. State, 508 So.2d 1186 (Ala.Cr.App.1986); Tucker v. State, 429 So.2d 1165 (Ala.Cr.App.1983). A voluntary plea of guilty waives all voidable, and therefore nonjurisdictional, defects in prior proceedings. See German v. State, 492 So.2d 622 (Ala.Cr.App.1985).
Moreover, the appellant’s contention that the indictment was duplicitous, because it charged him with both escape and attempted escape, will not support a reversal. This court stated in Capps v. State, 587 So.2d 442 (Ala.Cr.App.1991), that, based on the language of § 13A-10-31, Code of Alabama 1975 escape and attempted escape are not to be considered two separate offenses. That section states, “A person commits the crime of escape in the first degree if: ... (2) Having been convicted of a felony, he escapes or attempts to escape from custody imposed pursuant to that conviction.” (Emphasis added.)
*1055 The appellant next argues that the indictment is so vague and indefinite that he was unable to formulate a defense. The Alabama Supreme Court, in Ex parte Allred, 393 So.2d 1030 (Ala.1980), stated: “An indictment is sufficient which substantially follows the language of the statute, provided the statute prescribes with definiteness the constituents of the offense.” Here, the indictment tracked the language of the statute and was therefore sufficient.
Last, the appellant argues that the indictment is vague because it failed to include a date. “It is unnecessary to allege the date and time of an offense unless the date and time are material ingredients of the offense.” Morton v. State, 581 So.2d 562 (Ala.Cr.App.1991). Time is not a material ingredient of the offense of escape and therefore the indictment was not defective for failing to include the date of the offense.
II
The appellant contends that his guilty plea was not entered knowingly, intelligently, and voluntarily. A review of the record shows that this issue was not preserved for appellate review because there was no timely objection and the appellant made no motion to withdraw the guilty plea or motion for a new trial. Willis v. State, 500 So.2d 1324 (Ala.Cr.App.1986). Even if the issue had been preserved for our consideration, however, the appellant would not prevail. The colloquy between the appellant and the court was both thorough and complete and met the requirements of Boykin v. Alabama, 395 U.S. 238, 89 S.Ct. 1709, 23 L.Ed.2d 274 (1969). The record shows that appellant’s guilty plea was made knowingly, intelligently, and voluntarily.
We have considered the other issues presented by the appellant in his brief and decide them adversely to him.
For the foregoing reasons, the judgment in this case is due to be affirmed.
AFFIRMED.
All the Judges concur.